IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00052-BNB

CHARMANE SMITH,

    Plaintiff,

v.

MONEYGRAM,
MID-SOUTH HOME PHONE,
U.S. GOVERNMENT, and
LIFELINE ASSISTANCE PROGRAM,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Charmane Smith, initiated this action by filing *pro se* a Civil Complaint (ECF No. 1). On January 21, 2014, Ms. Smith filed an amended complaint (ECF No. 4). The court must construe the amended complaint liberally because Ms. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Smith will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

    The amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Smith fails to provide a short and plain statement of the grounds for the court's jurisdiction because she fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Ms. Smith's failure to identify the statutory authority for the court's jurisdiction and the claims she is asserting is compounded by her failure to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Smith must identify, clearly and concisely, who she is suing, the specific claims she is asserting, the specific

facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Because the claims she is asserting are not clear, Ms. Smith must file a second amended complaint if she wishes to pursue those claims in this action. Accordingly, it is

ORDERED that Ms. Smith file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Smith shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Smith fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 29, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge